UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARLON L. PENDLETON,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>    Respondent. | CAUSE NO. 3:21-CV-591-JD-MGG |

OPINION AND ORDER

Marlon L. Pendleton, a prisoner without a lawyer, filed a habeas petition to challenge his parole revocation, which occurred on February 25, 2020. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The statute of limitations for habeas petitions states as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

>> been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In a previous order, the court observed a significant discrepancy with respect to the date the petition initiated this case was filed. ECF 5. More specifically, in the habeas petition, Pendleton attested that he placed the petition in the mail on November 30, 2020. ECF 2 at 5. However, the court did not receive it until August 12, 2021, and Pendleton offered no explanation for this eight-month delay. Further, Pendleton's other filings docketed on the same day as the petition were signed by Pendleton with a date of August 10, 2021. ECF 1, ECF 3. As a result, the court ordered Pendleton to clarify the date on which he filed the habeas petition. ECF 5.

In the response, Pendleton does not answer this question directly but explains that he filed a copy of his habeas petition, which is on this court's form, in the Lake Superior Court on November 30, 2020. More specifically, he used this court's form for a petition for habeas relief pursuant to 28 U.S.C. § 2254, a statute that allows federal courts to review State court decisions to determine whether they are "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Though Pendleton wrote "LAKE COUNTY SUPERIOR COURT" at the top of this petition, this

2

court's form also includes this court's caption at the top, and Pendleton also expressly informed the Lake Superior Court in a letter that the petition was an effort to initiate a "federal habeas corpus" case. ECF 6-3 at 65-74. According to the letter, he did so in an effort to exhaust State court remedies as required by 28 U.S.C. § 2254(b)(1)(A) and sent this court a courtesy copy. *Id.* On July 17, 2021, the Lake Superior Court issued the following order:

> Habeas Corpus petitions in this State have been replaced by Petitions for Post-Conviction Relief, and the defendant has fully litigated a Petition for Post-Conviction Relief in this case. Further, the pleadings are captioned as filed in the United States District Court, Northern District of Indiana, which is a federal court. Therefore, there was nothing for this Court to rule on.

ECF 2-1. In other words, the State court interpreted the petition as an improper attempt to file a successive petition for post-conviction relief challenging his conviction and, alternatively, as an attempt to initiate federal habeas proceedings with this court that was sent to the wrong address.[1]

Considering this additional information, it appears that Pendleton filed the petition in this court on August 10, 2021, the date included on the documents he filed at the same time as the petition. Further, the court finds that the petition for federal habeas relief filed with the Lake Superior Court was not "a properly filed application for State post-conviction or other collateral review" that would toll the federal limitations period

---

[1] In the view of this court, the most reasonable interpretation of the petition was that Pendleton intended to initiate State post-conviction proceedings to challenge his parole revocation. *See Hardley v. State*, 893 N.E.2d 740, 743 (Ind. App. 2008) (explaining mechanisms for challenging parole revocation). Nevertheless, the court also acknowledges that the petition was not a model of clarity given that Pendleton used the wrong form and that the accompanying correspondence was difficult to parse.

3

under 28 U.S.C. § 2244(d)(2). The Seventh Circuit Court of Appeals has held that this inquiry requires an objective approach:

> Whether a collateral attack is "properly filed" can be determined in a straightforward way by looking at how the state courts treated it. If they considered the claim on the merits, it was properly filed; if they dismissed it for procedural flaws such as untimeliness, then it was not properly filed. The objective approach not only facilitates decisionmaking but also gives the parties a clear benchmark. Everyone knows exactly when the federal petition is due. A subjective approach, however, would leave these essential questions unanswered until there had been substantial litigation, for there is no right answer to a question such as "how close to being 'properly filed' is close enough?".

*Freeman v. Page*, 208 F.3d 572, 576 (7th Cir. 2000). Here, the Lake Superior Court did not consider Pendleton's claims on the merits but declined to address them for procedural reasons. Applying the objective approach set forth in *Freeman*, the petition was not a "properly filed application" that tolled the federal limitations period.

Based on review of the petition, the date on which the Indiana Parole Board revoked parole is the applicable starting point for calculating timeliness pursuant to 28 U.S.C. § 2244(d)(1)(D). ECF 2 at 1. Consequently, the limitations period began on February 25, 2020,[2] and expired one year later on February 25, 2021. As detailed above, Pendleton did not file the petition in this habeas case until August 10, 2021. Because Pendleton filed the petition six months too late, the court finds that the petition is untimely.

---

[2] Pendleton maintains that the parole revocation occurred on July 9, 2019, the date of his arrest, because he did not receive a preliminary hearing. However, under Indiana law, parole revocation occurs only when the parole board makes such a determination at a revocation hearing or following a parolee's waiver of the right to a hearing. Ind. Code § 11-13-3-10; *see also Morrissey v. Brewer*, 408 U.S. 471, 487 (1972) (State must provide opportunity for hearing prior to final decision on parole revocation).

In his response, Pendleton argues that the federal limitations period should not apply in this case because he attempted to use the prison grievance process to resolve his claims, because he did not have assistance of counsel, and because of the ongoing coronavirus pandemic. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010). It is unclear why Pendleton believes that the use of the prison grievance process and the lack of counsel constitute extraordinary circumstances. *See e.g.*, 42 U.S.C. § 1997e(a) (requiring inmates to exhaust administrative remedies prior to filing actions under 28 U.S.C. § 1983); *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973) ("[T]he presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings . . ."); *Socha v. Boughton*, 763 F.3d 674, 685 (7th Cir. 2014) ("[L]ack of representation is not on its own sufficient to warrant equitable tolling, nor is a petitioner's lack of legal training."). Further, Pendleton offers no explanation as to how any of these conditions prevented him from filing a timely habeas petition. To the contrary, the record demonstrates that Pendleton was able to file documents relating to his parole revocation with the Lake Superior Court in 2020 and 2021 and that he had access to this court's form for federal habeas petitions as well as this court's address. ECF 6-3 at 60, 65-74; ECF 6-5 at 26-29. Because Pendleton has not demonstrated that extraordinary circumstances prevented him from filing a timely habeas petition in federal court, the court denies the petition as untimely.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling or for encouraging Pendleton to proceed further, and a certificate of appealability is denied.

For these reasons, the court:

(1) DISMISSES the habeas petition (ECF 2) because it is untimely;

(2) DENIES Marlon L. Pendleton a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on October 8, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT