UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARLON L. PENDLETON,

Petitioner,

v.                                                    CAUSE NO. 3:21-CV-591-JD-MGG

WARDEN,

Respondent.

OPINION AND ORDER

Marlon L. Pendleton, a prisoner without a lawyer, filed a motion to reconsider

the order denying the habeas petition under Fed. R. Civ. P. 60(b). This provision

authorizes the court to relieve a party from a final judgment based on: "(1) mistake,

inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with

reasonable diligence, could not have been discovered in time to move for a new trial

under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic),

misrepresentation, or misconduct by an opposing party; or . . . (6) any other reason that

justifies relief." Fed. R. Civ. P. 60(b). "Reconsideration is not an appropriate forum for

rehashing previously rejected arguments or arguing matters that could have been heard

during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI*

*Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

On August 12, 2021, Pendleton filed the habeas petition challenging his parole

revocation. ECF 2. The court observed that the petition had a date of November 30,

2020, and that it contradicted itself as to whether he had presented the grounds for

habeas relief to the State courts. ECF 7. As a result, the court granted Pendleton an

opportunity to clarify the date of filing and his efforts to exhaust State court remedies.

*Id.* In response, Pendleton explained that he filed a habeas petition in State court on

November 30, 2020, and that the Lake Superior Court declined to rule on the petition on

June 17, 2021. ECF 6. The petitions filed with the Lake Superior Court and in this court

both used this court's form for federal habeas petitions and were identical except that,

on the State court petition, Pendleton wrote "LAKE COUNTY SUPERIOR COURT" at

the top of the first page. ECF 2, ECF 6-3 at 65-69. The order issued by the Lake Superior

Court indicated that it interpreted the petition as an improper attempt to file a

successive petition for post-conviction relief challenging his conviction, or, alternatively,

as an attempt to initiate proceedings with this court that was sent to the wrong address.

ECF 2-1. On October 8, 2021, this court considered the information provided by

Pendleton and found that the petition was untimely and dismissed this case. ECF 7.

In the motion to reconsider, Pendleton argues that the court should not have

found his petition was untimely because the Lake Superior Court unreasonably

interpreted his State court petition. In the order of dismissal, the court rejected this line

of reasoning, noting that the Seventh Circuit Court of Appeals has held that courts

should take an objective approach in determining whether an application for collateral

review was "properly filed" for purposes of statutory tolling under 28 U.S.C. §

2244(d)(2). ECF 7 at 2-4. As articulated by the Seventh Circuit:

> Whether a collateral attack is "properly filed" can be determined in a
> straightforward way by looking at how the state courts treated it. If they

considered the claim on the merits, it was properly filed; if they dismissed
it for procedural flaws such as untimeliness, then it was not properly filed.

*Freeman v. Page*, 208 F.3d 572, 576 (7th Cir. 2000). As noted in the order of dismissal, the order from the Lake Superior Court unequivocally demonstrates that it did not treat the State petition as a properly filed application for collateral review. Given the objective approach set forth in *Freeman*, the court declines to further assess the State court's interpretation of the State petition.

Pendleton argues that the court should reconsider its timeliness determination because the law librarian mailed a petition to the State courts without his signature or in forma pauperis documents and represented that she did not have forms available for State habeas petitions. He maintains that the federal petition is timely because this lack of cooperation amounted to "State action in violation of the Constitution" that prevented him from filing a timely habeas petition. To start, it is unclear that the law librarian's actions as alleged by Pendleton amount to a constitutional violation. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (actual injury requirement for interference-with-access-to-the-courts claims); *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004) ("[A]n allegation of simple negligence will not support a claim that an official has denied an individual of access to the courts.").

Further, Pendleton does not adequately explain how the law librarian prevented him from filing a timely habeas petition with this court; instead, the record reflects that he had access to this court's form for habeas petition as well as the ability to send mail to the courts and so could have initiated this case at least three months before the

limitations period expired. *See Conroy v. Thompson*, 929 F.3d 818, 821 (7th Cir. 2019) (finding that the petitioner could not demonstrate that he was prevented from pursuing federal habeas claims because he had filed numerous documents in State court); *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (finding that the petitioner could not demonstrate that he was unable to prepare a federal habeas petition because he had filed other well-researched documents with various courts and "offer[ed] no explanation of how or why his restricted library access made it impossible for him to file a timely § 2254 petition but not . . . other substantial legal filings."); *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) ("[T]he plain language of the statute makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition.") (emphasis in original). Though Pendleton decided to wait until the Lake Superior Court addressed the State petition, nothing in the record suggests that Pendleton was prevented from filing a federal habeas petition sooner. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) ("A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a protective petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."). Based on the foregoing, the court reaffirms its finding that the petition was untimely.

Pendleton also argues that the court should not have resolved the habeas petition because he sent it to this court as a courtesy copy of his State petition and did not intend to litigate it here. He represents that he sent a letter informing the court that they were merely courtesy copies and "did not sign any of the (3) documents that were mailed to

this Court on September 17, 2021, and filed in this same court on September 27, 2021."

ECF 14 at 34.

Pendleton filed in August 2021 when he initiated this case.

- He sent a Consent to Receipt of Documents Through Prisoner Electronic Filing System on a form used by the federal courts in the Northern and Southern District of Indiana. This completed consent form has Pendleton's handwritten name in print. It is dated August 10, 2021, and indicates that his case is filed in the Northern District of Indiana. ECF 1.

- He filed a habeas petition on this court's form. It is signed and dated November 30, 2020. It is identical to the State petition except that Pendleton did not write "LAKE COUNTY SUPERIOR COURT" at the top of the first page. ECF 2.

- He filed a motion for leave to proceed in forma pauperis on this court's form. It is signed and dated August 10, 2021. It is also signed and dated by a correctional staff member on August 10, 2021, along with a summary of Pendleton's prison account summary dated August 11, 2021. ECF 3.

- On September 27, 2021, he filed a three-part response to the court order without signing any of the parts. ECF 6; ECF 6-2; ECF 6-4.

- The electronic docket contains no letter from Pendleton directed to this court indicating that any of his filings were courtesy copies.

To recap, in November 2020, Pendleton filed the State petition with the Lake Superior Court, and, in June 2021, the Lake Superior Court issued an order declining to rule on the State petition. In the motion to reconsider, he also indicates that he has not further pursued relief in State court. ECF 14 at 45. Pendleton sent the purported courtesy copies to this court in August 2021. Assuming they are courtesy copies, it is unclear why Pendleton would have waited until the effective conclusion of the Lake Superior Court proceedings to send courtesy copies to this court. The dates from the

5

August 2021 filings indicate that Pendleton prepared the motion for leave to proceed in forma pauperis and the electronic consent form in August 2021. Assuming they are courtesy copies, it is unclear why Pendleton waited until the effective conclusion of his State proceedings to seek the assistance of correctional staff and prepare them or why he would have filed either of those documents with the State courts. It is unclear why Pendleton filed a courtesy copy of the State petition in this court with "LAKE SUPERIOR COURT" removed from the top of the first page. It is also unclear why he did not raise this concern when the court asked him to clarify certain facts for the express purpose of assessing the procedural soundness of the habeas petition or at any time during the six months that followed.[1] Perplexingly, Pendleton further appears to suggest that his three-part response to this court's order for clarification were also courtesy copies. Given these numerous and material discrepancies, the court cannot credit Pendleton's assertion that he intended to file the August 2021 as courtesy copies.

As a final matter, Pendleton's request for relief is for the court to reopen this case and to send this case to State court.[2] Even if Pendleton had persuaded the court to reopen this case, this case is a Section 2254 habeas proceeding, which affords State

---

[1] In a letter dated March 11, 2022, Pendleton represents that he did not receive the order of dismissal until after he transferred to the Indiana State Prison in January 2022 despite his consent to participate in this court's electronic filing program while at the Westville Correctional Center. ECF 12. This letter indicates that Pendleton intended to file the August 2021 documents as they were titled rather than as courtesy copies. Moreover, while Pendleton may not have known about the order of dismissal until sometime in 2022, there is no suggestion that he was prevented from informing the court that he did not intend to initiate a habeas case with this court.

[2] This request indicates Pendleton intends to continue litigating this case, which is also difficult to reconcile with his representation that he intended to file the August 2021 documents that initiated this case as mere courtesy copies.

prisoners an opportunity to obtain federal review of State decisions only after they have exhausted their State court remedies. Pendleton cites no legal authority that would authorize the court to send this type of proceeding to State court.

For these reasons, the court DENIES the motion to reconsider (ECF 14).

SO ORDERED on April 27, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT